MAYER BROWN LLP
JOHN NADOLENCO (SBN 181128)
*jnadolenco@mayerbrown.com*
STEVEN E. RICH (SBN 198412)
*srich@mayerbrown.com*
350 South Grand Avenue, 25th Floor
Los Angeles, California  90071-1503
Telephone:  (213) 229-9500
Facsimile:   (213) 625-0248

STEPHEN J. KANE (*Pro Hac Vice*)
skane@mayerbrown.com
71 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 782-0600
Facsimile: (312) 701-7711

Attorneys for Defendant CitiMortgage, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. STOKES, MARIAN N. STOKES, and AMELIA J. BRUMMEL, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CITIMORTGAGE, INC., and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:14-cv-00278 BRO (SHx)<br><br>**REPLY IN SUPPORT OF CITIMORTGAGE, INC.'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT'S CLASS ALLEGATIONS**<br><br>Date:   January 26, 2015<br>Time:  1:30 p.m.<br>The Hon. Beverly Reid O'Connell |

# INTRODUCTION

This Court declined to address the prior complaint's class-action allegations due to "the limited briefing on this issue," "particularly by Plaintiffs." Docket No. 37 at 19. Plaintiffs have now had a second chance to defend their class allegations. Yet Plaintiffs devote most of their opposition to an attempt to minimize the Court's ability to examine their class allegations before discovery. Tellingly, for the second time, Plaintiffs say little to defend the substance of their class allegations. As CitiMortgage, Inc. ("Citi") demonstrated in its opening brief, Plaintiffs' proposed class claims would necessarily require an endless series of individual inquiries incompatible with Rule 23. Thus, "[t]his is the rare case where the suitability of a case for class treatment can and should be reached earl[ier]" than the class certification stage. *Kayayan v. CitiMortgage, Inc.*, Case No. BC527894, Slip Op. at 3 (L.A. Cnty. Super. Ct. Nov. 3, 2014) (Rich Decl., Ex. A).

Before discovery begins, Plaintiffs "bear[] the burden of advancing a prima facie showing that the class action requirements of [Rule] 23 are satisfied or that discovery is likely to produce substantiation of the class allegations." *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985). Plaintiffs have not met their burden. The Court should therefore strike the class allegations. Otherwise, Citi will be required to expend substantial time and money on discovery regarding putative classes that could never be certified.

# ARGUMENT

**I.     The Putative Classes Do Not Satisfy Rule 23(a)(2).**

Under Rule 23(a)(2), Plaintiffs must identify "questions of law or fact common to the class." These "common questions" must be "capable of classwide resolution," "resolve an issue that is central to the validity of each one of the claims in one stroke," and "generate common *answers* apt to drive the resolution of the litigation." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011); *see Mata v. CitiMortgage, Inc.*, 2012 WL 7985175, at *1-*2 (C.D. Cal. July 20, 2012)

(striking class allegations for lack of commonality). Plaintiffs distinguish *Mata* on the ground that there "it was clear from the pleadings that the claims were not premised on facts that can be determined through common evidence." Opp. at 13. But that is true here too.

In its opening brief, Citi showed that Plaintiffs' claims require resolution of numerous layers of individual inquiry to determine whether putative class members can prove violations of the Homeowner Bill of Rights ("HBOR"). Mem. in Support of Citi's Motion to Strike, Docket No. 43-1 ("Citi Br.") at 6-10. Plaintiffs address just one of these layers: the complete-application requirement. But Plaintiffs have not shown that even that requirement can be resolved through common evidence.

Plaintiffs argue that when Citi sends a letter acknowledging receipt of a borrower's loan-modification application, "that creates an inference that the … application was complete." Opp. at 3, 15-16 (citing *McKinley v. CitiMortgage, Inc.*, 2014 WL 651917 (E.D. Cal. Feb. 19, 2014)). Plaintiffs then reason that if Citi sent similar acknowledgement letters to *every* putative class member, the Court can infer that *all* of their loan-modification applications were complete without the need for individual inquiry. *Id.*

Plaintiffs' reliance on *McKinley* fails for three reasons. First, the complaint does not allege that all putative class members received acknowledgement letters, much less identical letters. In fact, the complaint does not even allege that Citi sent acknowledgment letters in response to Brummel's application or to the Stokes' November 2013 application. *See* Second Am. Compl. ¶ 53 (alleging that Citi "advised the Stokes" through unspecified means that it would resolve the Stokes' November 2013 application "once the package is complete"), ¶ 65 (alleging that Citi "advised Ms. Brummel" through unspecified means that she had submitted a complete application); *see also id.* ¶ 42 (alleging that Citi acknowledged receipt of the Stokes' July 2013 application in an "e-mail"). The only way to determine whether putative class members received acknowledgment letters would be through

file-by-file review, reading each letter to understand its contents.

Second, *McKinley* inferred a completed application based on an acknowledgment letter that both "indicate[d] that Defendant received the necessary documents" and did not specify any other documents that the servicer needed. 2014 WL 651917, at *5. Here, this is not true even as to the named Plaintiffs. The complaint admits that the July 2013 acknowledgment e-mail sent to the Stokes requested additional documents—including 2011 and 2012 tax returns omitted from the Stokes' July 2013 application. Compl. ¶ 43. As this Court noted in holding that the Stokes' July 2013 application was incomplete, Citi "made it clear to the Stokes Plaintiffs that [Citi] required their 2012 tax returns to consider their application." Docket No. 37 at 11. This difference between the acknowledgment letter in *McKinley* and the e-mail here only confirms the need for file-by-file review to determine if borrowers submitted completed applications.

Third, *McKinley* was an individual suit addressing motions to dismiss and for a preliminary injunction. In that context, *McKinley* found the servicer's letter acknowledging receipt of a loan-modification application sufficient to "infer[]" that the application was complete. 2014 WL 651917, at *5. Under the standard for testing class allegations, however, it is not enough to "infer" a completed application from an acknowledgment letter. Rather, Plaintiffs must plausibly allege that they can use common evidence to prove that all putative class members submitted completed applications. *See Mata*, 2012 WL 7985175, at *1. The mere existence of an acknowledgment letter does not provide that proof. Indeed, *McKinley* noted that "development of the factual record may demonstrate that the application was not complete." 2014 WL 651917, at *6. *McKinley* thus did not purport to eliminate the need to examine all of the facts to determine whether an application was complete.

As this Court noted, an application is "complete" under HBOR only "'when a borrower has supplied the mortgage servicer with all documents required by the

mortgage servicer within the reasonable timeframes specified by the mortgage servicer.'" Docket No. 37 at 11 (quoting Cal. Civ. Code § 2923.6(h)). Proving a complete application thus depends on an analysis of (1) the materials requested by the servicer, (2) the materials provided by the borrower, and (3) the timeliness of the borrower's response. Plaintiffs offer no way to prove these facts through common evidence.

Plaintiffs also argue that the complete-application requirement is subject to common proof because HBOR requires servicers to notify borrowers about missing documents within five business days of receipt. Opp. at 3, 16 (citing Cal. Civ. Code § 2924.10(a)). But Plaintiffs seek to represent a putative class of borrowers "who submitted a *complete* loan modification application." Compl. ¶ 79(1) (emphasis added). They do not seek to represent borrowers who submitted *incomplete* applications but were "untimely" notified. And a purported failure to timely notify borrowers about missing documents does not convert an incomplete application into a complete one. Indeed, this Court held that the Stokes' July 2013 application was incomplete even though Citi allegedly did not respond to the application within five business days. Docket No. 37 at 11. In any event, Plaintiffs' reliance on Section 2924.10(a) only injects another individual issue that would need to be addressed: each loan file would have to be reviewed to determine whether Citi adequately responded within five business days.

Plaintiffs do not even attempt to argue that the remaining layers of individual inquiry identified by Citi can be resolved through common evidence. This alone is fatal. Even if every putative class member submitted a complete application, the fact-finder would still need to conduct a detailed review of each borrower's loan file to determine whether a violation of HBOR occurred. For example, Plaintiffs' dual-tracking claim would require the fact-finder to determine: (1) whether the loan was secured by a first-lien mortgage, the property was the borrower's principal residence, and the property contained four or fewer units; (2) whether the borrower

1  was already evaluated or afforded a fair opportunity to be evaluated for a
2  modification and, if so, whether his or her finances materially changed since the
3  previous application; (3) whether a notice of default, notice of trustee sale, or
4  trustee's deed upon sale was recorded while a complete application was pending;
5  (4) whether Citi complied with the National Mortgage Settlement's dual-tracking
6  provisions; and (5) whether any violation was "material" and whether the class
7  member suffered any actual economic damages from the violation. Citi Br. at 6-9.

8  　　　These individual issues recently led a California state court to dismiss similar
9  class claims alleging dual-tracking violations under HBOR. *See Kayayan*, Slip Op.
10 at 3. Plaintiffs try to distinguish *Kayayan* by asserting that it dismissed the class
11 claims "largely" because the class representative was both the law partner and wife
12 of her counsel. Opp. at 10. Plaintiffs are incorrect. After noting the conflict issue,
13 the *Kayayan* court held that "the case is not otherwise suitable for class treatment
14 … because the particulars [of the claims] involve individualized inquiry." Slip Op.
15 at 3. As a result, the court "decline[d] to allow the putative plaintiff class
16 representative an opportunity to use discovery tools to find a new class
17 representative … and decline[d] to allow plaintiff time to find new counsel to
18 overcome the current unacceptable lack of independence of the class representative
19 vis a vis current counsel." *Id.* The *Kayayan* court thus held that, **even if the conflict**
20 **were cured**, individual issues precluded a class action.

21 **II.    The Putative Classes Do Not Satisfy Rule 23(b).**

22 　　　To certify a class, Plaintiffs would also need to "satisfy at least one of the
23 three requirements listed in Rule 23(b)." *Dukes*, 131 S. Ct. at 2548. Plaintiffs rely
24 primarily on Rule 23(b)(3), but identify only one purportedly common issue:
25 whether putative class members submitted complete loan-modification applications.
26 Even if this issue were subject to common proof (and, again, it is not), Plaintiffs do
27 not even attempt to argue that any of the many remaining individual issues
28 identified by Citi are subject to common proof. Individual issues thus necessarily

"predominate," precluding certification under Rule 23(b)(3).

Plaintiffs also cannot satisfy Rule 23(b)(1) or (b)(2). Plaintiffs argue that their class allegations satisfy Rule 23(b)(1) (apparently subsection (A)) because "HBOR provides for statutory damages and thus, each class member's damages will be identical." Opp. at 19. In fact, HBOR provides for "actual economic damages" absent "intentional," "reckless," or "willful misconduct," in which case "the court may award the borrower the greater of treble actual damages or statutory damages." Cal. Civ. Code § 2924.12(b). Plaintiffs' request for Rule 23(b)(1) certification is thus foreclosed by the Ninth Circuit's holding that (b)(1) is "not appropriate in an action for damages." *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1193 (9th Cir. 2001). In any event, Plaintiffs do not explain how the potential for statutory damages eases Rule 23(b)(1) certification. If anything, the prospect of identical damages undercuts the potential for "inconsistent" results that can justify Rule 23(b)(1) certification.

As for Rule 23(b)(2), Plaintiffs assert that "it is entirely plausible that a single injunction can be fashioned." Opp. at 19. To begin with, HBOR does not authorize injunctive relief for borrowers subject to completed foreclosures. Cal. Civ. Code § 2924.12(a)-(b). And Rule 23(b)(2) "does not authorize class certification when each class member would be entitled to an individualized award of monetary damages." *Dukes*, 131 S. Ct. at 2557. Moreover, for reasons discussed above, Plaintiffs cannot satisfy Rule 23(b)(2)'s cohesiveness requirement because Citi's "conduct cannot be evaluated without reference to the individual circumstances of each plaintiff." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1036 (8th Cir. 2010).

**III. Courts Properly Strike Class Allegations Before Discovery.**

Plaintiffs go to great lengths to avoid substantive scrutiny of their class allegations. First, Plaintiffs assert that the Court already resolved the issue by denying Citi's motion to strike the prior complaint's class allegations. Opp. at 1. But Plaintiffs ignore the ***reason*** for the Court's decision: "the limited briefing on

this issue," "particularly by Plaintiffs." Docket No. 37 at 19. This time Citi filed a 13-page opening brief focusing solely on the class allegations. Plaintiffs responded with a 20-page brief of their own. Thus, the parties have fully briefed the adequacy of the complaint's class allegations. And the intervening decision in *Kayayan* shows that Plaintiffs' class allegations cannot withstand scrutiny on the merits.

Second, Plaintiffs say that striking class allegations is an "extraordinary measure." Opp. at 1. To be sure, courts generally resolve class certification following discovery. There is nothing extraordinary about striking class allegations before discovery, however, when the pleadings make clear that the allegations are futile. On the contrary, the Supreme Court, the Ninth Circuit, and judges in this District have all held that courts may eliminate class allegations before discovery. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 160 (1982) ("Sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim"); *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("'[w]hether or not discovery will be permitted'" in considering class certification "'lies within the sound discretion of the trial court'") (quoting *Kamm v. Cal. City Dev. Co.*, 509 F. 2d 205, 209 (9th Cir. 1975)); *Mata*, 2012 WL 7985175, at *1; *see also Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 990 (N.D. Cal. 2009) ("Where the complaint demonstrates that a class action cannot be maintained on the facts alleged, a defendant may move to strike class allegations prior to discovery"). As Judge Wu explained, the notion that courts "should defer ruling … until the class certification stage … fails to acknowledge that where the matter is sufficiently obvious from the pleadings, a court may strike class allegations." *Route v. Mead Johnson Nutrition Co.*, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013).

Plaintiffs nevertheless argue that the "better" practice is to allow discovery, citing *Vinole*. Opp. at 12. In *Vinole*, however, the Ninth Circuit stated that nothing in Rule 23 "vests plaintiffs with the exclusive right to put the class certification

issue before the district court or prohibits a defendant from seeking early resolution of the class certification question." 571 F.3d at 939-40. Therefore, "a party seeking class certification is not always entitled to discovery on the class certification issue." *Id.* at 942. Rather, plaintiffs have the burden of making "a *prima facie* showing of Rule 23's prerequisites or that discovery measures [are] 'likely to produce persuasive information substantiating the class action allegations.'" *Id.*

For reasons described above, Plaintiffs have not come close to making a *prime facie* showing that this case satisfies Rule 23. Nor do Plaintiffs "explain what type of discovery or what type of factual development would alter the central defect in this class claim." *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011). The most Plaintiffs have to say is that discovery might allow them "to determine whether these written acknowledgment letters pervasively exist or whether the failure to provide written acknowledgment letters within five business days after submission of the application occurred systematically." Opp. at 16. With respect to the latter issue, the timing of Citi's acknowledgement letters has no conceivable relevance to Plaintiffs' proposed classes. With respect to the former, even if Citi "pervasively" disseminated acknowledgment letters, that would not show that borrowers submitted complete applications for reasons explained above. And neither issue addresses the many other layers of individual inquiry identified by Citi. Accordingly, "no proffered or potential factual development offers any hope" of saving Plaintiffs' proposed classes. *Pilgrim*, 660 F.3d at 949.

Nor do the district-court cases cited by Plaintiffs preclude motions to strike class allegations. Most of those cases acknowledge that "class allegations may be stricken at the pleading stage." *In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007); *accord, e.g.*, *Cholakyan v. Mercedes-Benz USA*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). And it is not true, as Plaintiffs suggest (at 12), that *Dukes* requires discovery before resolving class allegations. On the contrary, post-*Dukes* courts have repeatedly struck class

allegations without discovery. *E.g.*, *Pilgrim*, 660 F.3d at 949 (striking class allegations for lack of predominance); *Trunzo v. CitiMortgage*, 2014 WL 1317577, at *14 (W.D. Pa. Mar. 31, 2014) (same); *Hill v. Wells Fargo Bank*, 946 F. Supp. 2d 817, 829-33 (N.D. Ill. 2013) (same).

Third, Plaintiffs err in identifying the "applicable standard": that class allegations need only "address each of the elements of Rule 23, relate to the subject matter of the litigation, and … not [be] redundant, immaterial, or impertinent." Opp. at 2-3 (citing *Clark v. State Farm Mut. Auto. Ins. Co.*, 231 F.R.D. 405 (C.D. Cal. 2005), and *Rosales v. FlitFlop USA*, 882 F. Supp. 2d 1168 (S.D. Cal. 2012)). In *Clark*, the defendant argued that the plaintiff "insufficiently" pled the Rule 23 elements. *Clark*, 231 F.R.D. at 407. Responding to that argument, the court found that the plaintiff's allegations sufficiently "address each of the elements of Rule 23, relate to the subject matter of the litigation, and are not redundant, immaterial, or impertinent." *Id. Clark* does not provide the "applicable standard" here because Citi does not contend that Plaintiffs' class allegations are merely insufficient. Rather, Citi contends that the complaint affirmatively "demonstrates that a class action cannot be maintained." *Sanders*, 672 F. Supp. 2d at 990.

To be sure, the *Rosales* court cited *Clark* in adopting the standard identified by Plaintiffs. 882 F. Supp. 2d at 1179. That ruling ignores the factual context in which *Clark* was decided. It also is contrary to Ninth Circuit and Supreme Court precedent. Although acknowledging that some courts "have held that Rule 12(f) provides a means of striking class allegations," the *Rosales* court believed that "such a motion appears to allow parties a way to circumvent Rule 23 in order to make a determination of the suitability of proceeding as a class action without actually considering the motion for class certification." *Id.* That belief is flatly inconsistent with *Vinole*, 571 F.3d at 939-40, where the Ninth Circuit held that a defendant is neither precluded "from seeking early resolution of the class certification question" nor need wait for the plaintiff to move for class certification.

It also is inconsistent with the Supreme Court's statement that "[s]ometimes the issues are plain enough from the pleadings" to resolve class allegations. *Falcon*, 457 U.S. at 160.

Indeed, even Plaintiffs seem to agree that the Court may strike class allegations "where it [is] clear from the pleadings that the claims [are] not premised on facts that can be determined through common evidence." Opp. at 13; *see also id.* at 8 ("'If it is obvious from the pleadings that the proceeding cannot possibly move forward on a classwide basis, district courts use their authority under [Rule] 12(f) to delete the complaint's class allegations'") (quoting *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34 (1st Cir. 2013)). Plaintiffs therefore concede that it is not enough for a complaint merely to "address each of the elements of Rule 23." Rather, courts may examine whether a complaint actually alleges a viable class claim. And here, the complaint makes clear that Plaintiffs' class claims are not premised on facts that can be determined through common evidence.

## CONCLUSION

Citi respectfully requests that the complaint's class allegations be stricken.

Dated: January 2, 2015    MAYER BROWN LLP

By: /s/ Steven E. Rich
John Nadolenco
Steven E. Rich
Stephen J. Kane

Attorneys for Defendant CitiMortgage, Inc.